UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X
RICHARD DEVITA,                                    Index No.: 23-728

                           Plaintiff,
                                                      Jury Trial Demanded

    -against-

BARBER WILSONS & CO., and                          **COMPLAINT**
BARBER WILSONS NORTH AMERICA,

                          Defendants.
------------------------------------------------------X

## The Parties

1. Plaintiff, Richard DeVita, now and has been at all times material hereto, a resident of the State of New Jersey, states as follows against the Defendants:

2. Defendant, Barber Wilsons & Co., hereinafter "BWC", is a foreign corporation located in London, England, with a main business or principal business address in the United States of 312 Roanoke Avenue, Riverhead, New York 11901. BWC is a manufacturer of purported luxury kitchen sink and bathroom faucets, sold in the United States through Defendant Barber Wilson North America, hereinafter "BWNA", located at the Riverhead, New York address.

3. Defendants advertise, sell and ship their products in New Jersey.

1

## Jurisdiction

4. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that this dispute involves predominant issues of federal law.

6. Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

7. This court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that those state claims form part of the same case or controversy under Article 3 of the United States Constitution.

## FACTUAL ALLEGATIONS

8. This case arises out of shoddy construction, manufacturing defects and design, and inability to repair a kitchen sink faucet (Model RFC 1030, an advertised 1890 circa deck mounted kitchen sink mixer tap and retractable handheld spray) purchased by the Plaintiff herein, and breaches of Federal and New Jersey law, implied and express warranties, and contract.

9. Plaintiff renovated a late 19th century brownstone in historic Hoboken, New Jersey and based on the representations and advertisements of Defendants, purchased Model for his kitchen sink.

2

10. One of the representations made was for a lifetime warranty.

11. Other such representations and advertisements include:

   a. Our craftsman share knowledge and skills that are second to none. Hand-crafted products that start life as raw materials, pass through these experienced hands before leaving our factory in London to become unique centerpieces in homes around the world.

   b. That designers choose Barber Wilsons for their schemes fills us with great pride. There is an art to selecting "everyday" products such as taps and showers for a scheme. The workhorses of the home need to sit comfortably within their surroundings whilst ideally adding an extra touch of luxury to a room: not an easy remit! The combination of creativity and practicality is key, and at Barber Wilsons we are proud to offer products that fulfill both criteria for our valued clients.

   c. Barber Wilsons' bathroom fittings are found in hotel bathrooms across the world, starting with Claridges in the 1920's, a client that we are still proud to be actively engaged with today. Our products are chosen by the world's leading hoteliers, small and large, due to the exceptional quality of our design and unique handmade manufacturing process, all from our factory in London.

   d. Our craftsman share knowledge and skills that are second to none. Hand-crafted products that start life as raw materials, pass through these experienced hands before leaving our factory in London to become unique centerpieces in homes around the world.

  e. Our products have hidden clues which signal how they've been made. The reassuring heaviness, the subtle sheen of the finishes: quirks of handmade products to be sought and cherished.  We've been manufacturing this way in our London factory since 1905. With more than a century of "specialising in specialities", we will never tire of seeing our products interpreted into your chosen scheme. That designers and architects choose them so often is our proudest achievement.

  f. All Goods are manufactured to the highest standards and a limited lifetime guarantee covers any defects in manufacture.

12. Subsequently, the product repeatedly had numerous issues, of breaking, slipping, and otherwise becoming inoperable for extended times.

13. Plaintiff repeatedly contacted Defendants' customer service in New York to obtain parts, which service often shipped to New Jersey incorrect replacement parts, at the Plaintiff's cost.

14. To date, the model has been out of service for over five (5) months, because of defects and the inability of the Defendants to cure.

15. As of today, the model remains defective. Plaintiff has lost faith in the faucet and Defendants' representations and warranties.

**FIRST CLAIM FOR RELIEF**
**Violations of the Magnuson-Moss Warranty Act**

16. Plaintiff incorporates by reference all preceding paragraphs.

17. The unit is a "consumer product" as defined by 15 U.S.C. § 2301(1).

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3) and the unit was purchased for personal, family and household purposes.

19. Defendant is a "warrantor" as defined by 15 U.S.C.§ 2301(5).

20. Defendants are a "supplier" as defined by 15 U.S.C. § 2301(4).

21. The express warranties are "warranties" as defined by 15 U.S.C. §2301(6).

22. Defendants violated the Magnuson-Moss Warranty Act by failing to conform the model and its components to the express warranties within a reasonable number of attempts or a reasonable amount of time. Defendants have failed to cure their failure to comply with the Act.

23. Prior to commencing this action, Plaintiff afforded Defendants reasonable opportunities to cure the failures and to comply with the Act.

24. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages.

25. Plaintiff revokes acceptance of the model and rescinds the contract.

26. Plaintiff is entitled to restitution for all consideration given.

27. The faucet was not tested and certified compliant with the basic North American standard (ASME A112.18.1/CSA B125.1) and is not approved by any North American plumbing code for installation in a drinking-water system.

28. The faucet is not certified lead-free and drinking-water safe (ANSI/NSF 61/9), and thus is not lead-free and drinking-water safe and should not be marketed and lawfully sold in the U.S. or used in any drinking-water system in the U.S.

29. As a proximate result of the violations of the Act, Plaintiff has sustained, and continues to sustain damages, both economic and noneconomic, in the approximate amount $75,000.00.

30. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees and expenses reasonably incurred in connection with this action.

## SECOND CLAIM FOR RELIEF
### Violations of the New Jersey's Consumer Fraud Act

31. Plaintiff incorporates by reference all preceding paragraphs.

32. New Jersey, which has a strong interest in protecting its citizens against unconscionable business practices, passed the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., which was enacted to protect the consumer against imposition and loss as a result of fraud and fraudulent practices by persons engaged in the sale of goods and services. Under the New Jersey Consumer Fraud Act, "the act, use or employment by any person of any unconscionable commercial practice, deception or fraud, false pretense, false promise or misrepresentation, or the knowing concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate…is declared to be an unlawful practice…".

33. The CFA addresses rampant consumer complaints about fraudulent practices in the marketplace and to deter such conduct by merchants. Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 245 (2005). The history of the [CFA] is one of constant expansion of consumer protection. Throughout its history, the Act has protected consumers from

deception and fraud, even when committed in good faith. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 604 (1997). Like most remedial legislation, the CFA should be construed liberally in favor of consumers. Cox v. Sears Roebuck & Co., 138 N.J. 2, 15 (1994).

34. Plaintiff is a "person" as defined in the CFA.

35. The web representations are "advertisements" as defined by the CFA.

36. The model is "merchandise" as defined by the CFA.

37. The false representations regarding the unit are fraud, in the connection with the sale or advertisement or merchandise, as defined by the CFA, in that "the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser."

38. Under the New Jersey Consumer Fraud Act, Defendants are liable for treble damages, costs and fees, including attorney fees.

39. Plaintiff has shown unlawful conduct by the Defendants; he has an ascertainable loss, and there is a relationship between the Defendants' unlawful conduct and the Plaintiff's loss. There is a claim under the Act. See, New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J.Super. 8, 12-13, 842 A.2d 174 (App. Div.), certif. denied, 178 N.J. 249 (2003) (citing Cox, supra).

40. Further, Defendants have actual knowledge about the unit's defects and malfunctions, and knew that they would not be able to repair said defects, even with the warranties and representations made to the general public and Plaintiff. Defendants replaced the lower level of the model due to manufacturing defects, and thus were and are aware of the product's defects and non-compliance.

41. Pursuant to the CFA, Plaintiff is entitled to compensatory damages, treble damages, and attorney fees.

### THIRD CLAIM FOR RELIEF
### Breach of Warranty (Both Implied and Express)

42. Plaintiff incorporates by reference all preceding paragraphs.

43. At the time of the Plaintiff's purchase, and subsequent attempted repairs, Defendants expressly warranted and warranted by implication that said unit was free from defects and was fit for its ordinary and particular uses, or, if there were defects, that the same would be promptly repaired to Plaintiff's satisfaction.

44. Those warranties were part of the basis of the bargain in Plaintiff's contract for the purchase of the model.

45. From the date of its purchase, the model continues to this day to exhibit some or all of the non-conformities described herein.

46. Defendants have been repeatedly notified of the existence of said defects. Plaintiff was promised that the defects would be remedied to his satisfaction, but Defendants have failed and/or refused to remedy said defects, as required by their representations and warranties.

47. Pursuant to U.C.C. § 2-314 and 315 the model was not fit for the ordinary purposes for which it was to be used, and did not conform to Defendants' promises and affirmations; the model is not reasonably fit for the general and ordinary use for which the said unit was sold.

## FOURTH CLAIM FOR RELIEF
### Breach of Contract

48. Plaintiff incorporates by reference all preceding paragraphs.

49. By Defendants' actions, Defendants have breached their contract to consumer and to the Plaintiff to provide a working faucet free of defects.

50. Defendants breached that contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For restitution;

2. For incidental and consequential damages;

3. For actual and statutory damages;

4. For reasonable attorney fees and costs of suit;

9

5. For costs and expenses incurred herein;

6. For such other relief as the Court deem proper;

7. For a civil penalty of three times Plaintiff's actual damages; and

8. For prejudgment interest.

Dated: Hoboken, New Jersey

February 8, 2023

                                        Richard D. DeVita
                                        1228 Garden Street
                                        Hoboken, New Jersey 07030
                                        (201) 714-7623

*/s/ R. DeVita*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.